**FILED - GR**
July 11, 2008 10:34 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Zwadie Jackson**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Hon. **1:08-cv-655** |
| **GC Services Limited Partnership**, a Delaware limited partnership, | ) ) ) | **Janet T. Neff U.S. District Judge** |
| Defendant. | ) ) ) | |

**Complaint**

**I.   Introduction**

1.  This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

**II.  Jurisdiction**

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III. Parties**

3.  Plaintiff Zwadie Jackson is an adult natural person, residing in Kalamazoo County, Michigan. Mr. Jackson is a "consumer" and "person" as the terms are defined and used

in the FDCPA. Mr. Jackson is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

    4.    Defendant GC Services Limited Partnership ("GCS") is a Delaware limited partnership, doing business at 6330 Gulfton, Houston, Texas 77081. The registered agent for GCS in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. GCS is a "debt collector" as the term is defined and used in the FDCPA. GCS is a "collection agency" and a "licensee" as the terms are defined and used in the MCPA.

**IV.**    **Facts**

    5.    Mr. Jackson borrowed money on a student loan. The loan was incurred for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

    6.    The account went into default.

    7.    Mr. Jackson disputes the amount of the loan.

    8.    Apparently, the loan was turned over to GCS for collection.

    9.    Beginning in or about May 2008, GCS contacted Mr. Jackson by telephone at his residence and demanded payment of the debt.

    10.    In or about May 2008 through mid-June 2008, GCS contacted Mr. Jackson by telephone and his residence and demanded payment of the debt.

    11.    In or about May 2008 through mid-June 2008, GCS mailed various letters and other documents to Mr. Jackson at his residence. Mr. Jackson received the various letters and other documents. The various letters and other documents were not returned by the postal service to GCS as undeliverable.

12. In the various telephone calls, GCS employees were unduly argumentative. Mr. Jackson also objected to the frequency of the telephone calls.

13. On June 21, 2008 at approximately 9:30 a.m., a GSC employee identified as Mr. Ward telephoned Mr. Jackson's across-the-street neighbor. Mr. Ward told the neighbor that Mr. Jackson's student loan was in default. Mr. Ward told the neighbor Mr. Jackson's account number. Mr. Ward told the neighbor to write down his name and telephone number and deliver the message to Mr. Jackson.

14. Mr. Jackson's neighbor took notes as instructed by Mr. Ward.

15. Mr. Jackson's neighbor delivered the notes to Mr. Jackson.

16. GCS and Mr. Ward caused Mr. Jackson to suffered extreme embarrassment and emotional distress.

17. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

18. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

19. When the GCS employee telephoned the Mr. Jackson's neighbor on June 21, 2008, GCS already knew Mr. Jackson's place of abode.

20. When the GCS employee telephoned the Mr. Jackson's neighbor on June 21, 2008, GCS already knew Mr. Jackson's residential telephone number.

21. When the GCS employee telephoned the Mr. Jackson's neighbor on June 21, 2008, GCS already knew Mr. Jackson's place of employment.

22. GCS and its employee wrongfully communicated with Mr. Jackson's neighbor for a purpose *other than* to acquire location information. Namely, GCS wrongfully turned Mr. Jackson's neighbor into *de facto* debt collector for GCS by persuading the neighbor to deliver a message to Mr. Jackson in efforts to intimidate, coerce and embarrass Mr. Jackson into paying a debt.

23. GCS did not obtain the prior consent of Mr. Jackson to communicate with his neighbor regarding the debt.

24. GCS and its employees have gotten in trouble before for unlawfully communicating with the neighbors and relatives of consumers in order to coerce payment of debts.

25. The unlawful debt collection methods, acts and practices of GCS and its employee were willful. The violations of the FDCPA and MCPA by GCS and its employee were willful.

26. As an actual and proximate result of the acts and omissions of GCS and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.   Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

27. Plaintiff incorporates the foregoing paragraphs by reference.

28. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

4

a) Defendant violated 15 U.S.C. § 1692b;

b) Defendant violated 15 U.S.C. § 1692c;

c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

5

b) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

c) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: July 11, 2008

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com